UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ELIZABETH HOLSCLAW )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>AT&T, INC. )<br>Serve: CT Corporation System )<br>      1999 Bryan Street, Suite 900 )<br>      Dallas, Texas 75201 )<br>)_<br>   Serve: Service of Process )<br>       Attn: Liz Bryant )<br>       302 West Washington Street )<br>       Room E-111 )<br>       Indianapolis, IN 46204 )<br>)<br>         Defendant ) | CIVIL ACTION NO.: 4:17cv-16 |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a)

2. The Plaintiff, Elizabeth "Kay" Holsclaw, sues the Defendant, AT&T Inc., for unpaid overtime earnings.

3. Section 7(A) of the Fair Labor Standards Act (FLSA) requires payment of wages at the rate of time and one half of an employee's regular hourly rate whenever a covered employee works in excess of 40 hours per work week. 29 U.S.C. § 207(a).

4. The Defendant conducts businesses in multiple states including Indiana.

5. Defendant has violated and continues to violate the FSLA by invoking policies prohibiting employees of its organization from reporting time worked in excess of 40 hours

1

without becoming subject to disciplinary action and by refusing to pay them overtime wages for actual hours worked in excess of 40.

6. Defendant's policies have had a chilling effect on its employees recording actual time worked and has allowed managers and supervisors to turn a blind eye to hours worked in excess of 40 by employees.

## STATEMENT OF FACTS

7. This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 1331 as they arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. Venue is proper as acts and omissions giving rise to Plaintiff's claims occurred in or around New Albany, Indiana.

9. Defendant is a Texas Corporation which conducts business in Indiana and other states. It is headquartered in Dallas, Texas.

10. Plaintiff resides in Floyds Knob, Indiana.

11. All work performed by Plaintiff during the relevant period of time and giving basis to the claims of FLSA violations were performed in or around New Albany, Indiana.

12. Defendant's employees regularly communicate across state lines in the performance of their duties.

13. Defendant has two or more employees who use the internet in performance of their duties.

14. Defendant has two or more employees who use interstate mail and telephone lines in the performance of their duties.

15. In years 2013 through 2016, Defendant grossed more than $500,000 in sales or business done.

16. Defendant has over 100 employees.

17. Defendant is an enterprise engaged in commerce as defined by the FLSA.

18. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(r)(1).

19. Plaintiff began her employment with the predecessor company of the Defendant South Central Bell as a traffic engineer in or around December 1987.

20. She has remained employed with the Defendant as a dedicated employee for over 27 years, transitioning and remaining employed throughout the AT&T mergers.

21. Throughout her employment with the Defendant, Plaintiff received positive feedback and evaluations of the highest caliber, exceeding goals and expectations.

22. As a result of 2015 first quarter downsizing, the Plaintiff was asked to take the new position, not yet created, of NEXT Network Decommissioning. In this role, the Plaintiff was responsible for not only her previous tasks but also was required to take on additional responsibilities and tasks that added at least two additional days per week of work.

23. Plaintiff was assigned these additional responsibilities with the Defendant recognizing the added work but without allowing for overtime pay or an increase in pay.

24. Throughout this time, Plaintiff was a non-exempt employee subject to the overtime rules of the FLSA.

25. Beginning in the spring of 2015, Plaintiff voiced her concerns with the Defendant's policy of not being permitted to record overtime hours given the responsibilities of her role being well in excess of a 40 hour requirement.

26. At that point in time, the Defendant had a policy of discipline against any employee who worked and recorded hours in excess of 40 hours.

27. Plaintiff was faced with the option of either failing in her role or working additional time but not reporting it.

28. Ultimately, Plaintiff's supervisor authorized five hours of overtime on a limited basis. Plaintiff advised her supervisor that while she appreciated the additional five hours, it was well under the amount of time needed to fully complete the work and that she was already working in excess of 45 hours weekly.

29. Despite Plaintiff's continued complaints and expression of concern with not being able record or report additional overtime pay, the Defendant did nothing to change the situation.

30. Plaintiff's health and physical and mental states began to deteriorate as a result of the added work, hours and stress of the situation given the Defendant's refusal to work towards a solution.

31. In early 2016, Plaintiff was presented with an option for surplus. Despite her intention to work for at least another five years with the Defendant before retiring, because of the untenable situation created by the Defendant, she opted for the surplus.

32. Plaintiff's employment ended with the Defendant on or about February 1, 2016.

33. Defendant knew, or with the exercise of reasonable diligence, could have discovered that Plaintiff was working in excess of 40 hours per week because Defendant was making the assignments and received continued expressions of concern from the Plaintiff about the volume of work and time it was taking.

34. Defendant created policies to avoid overtime payments and its obligations under the Fair Labor Standards Act.

35. Defendant knew its conduct violated the Fair Labor Standards or acted in reckless disregard for its provisions.

## COUNT I

### Unpaid Overtime

36. Plaintiff incorporates and adopts the allegations in Paragraphs 1 through 35.

37. Plaintiff was an employee of the Defendant.

38. Defendant was Plaintiff's employer was defined by the FLSA.

39. Defendant is a covered enterprise as defined by the FLSA.

40. Plaintiff worked in excess of 40 hours for the Defendant on a regular basis throughout 2015 and early 2016.

41. Plaintiff is entitled to one and one half times her regular rate of pay for all hours worked in excess of 40 hours per week.

42. Defendant failed to pay Plaintiff one and one half times her regular hourly rate for all hours worked in excess of 40 hours each week in violation of Section 7(a) of the FLSA.

43. Defendant had a uniform policy and practice of failing to pay its employees proper overtime compensation.

44. Plaintiff suffered harm and continues to suffer harm in the form of unpaid wages and lost wages due to the constructive discharge as a result of Defendant's violations.

45. Plaintiff is owed additional compensation in the form of unpaid overtime wages.

46. Defendant's violations of the FLSA were and continue to be willful.

47. Defendant is liable for violating Section 7(a) of the FLSA.

## COUNT II

### Constructive/Wrongful Discharge

48. Plaintiff incorporates and adopts the allegations in Paragraphs 1 through 47.

49. Plaintiff was an employee of the Defendant.

50. Defendant's policies created an environment detrimental to Plaintiff's health and well-being.

51. Plaintiff was subject to disciplinary action if she reported the actual hours worked and disciplinary action if she failed to work sufficient hours to complete the required work.

52. Defendant's policies created an environment that forced Plaintiff to accept an offer of surplus and early retirement to avoid disciplinary and other adverse action.

53. After logging complaints about overtime policies, Plaintiff was passed over for promotion.

54. As a result of Defendant's policies and actions, Plaintiff has suffered damages, including lost wages, benefits and future income and retirement earnings as well as incurred emotional distress.

WHEREFORE, Plaintiff requests a declaration that Defendant's policy prohibiting the reporting of overtime hours as a violation of the FLSA; entry of final judgment in favor of Plaintiff; payment of all wages owed; an equal amount in liquidated damages, payment of attorney's fees and costs and any and all other relief as required by 29 U.S.C. §§ 207(a) and 216(b).

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issue so triable.

                              Respectfully submitted,

                              KIGHTLINGER & GRAY, LLP

                By:    /s/ Laurie Goetz Kemp
                              Laurie Goetz Kemp
                              KIGHTLINGER & GRAY, LLP
                              Bonterra Building, Suite 200
                              3620 Blackiston Boulevard
                              New Albany, IN 47150
                              812-949-2300
                              lkemp@k-glaw.com
                              *Counsel for Plaintiff*